Appeal from an order of the Erie County Court (Kenneth F. Case, J.), entered March 23, 2012. The order determined that *1203 defendant is a level two risk pursuant to the Sex Offender Registration Act.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). We reject defendant’s contention that County Court erred in assessing points against him under risk factors 3 (number of victims), 7 (relationship between offender and victim), and 12 (acceptance of responsibility — expelled from or refused treatment). With respect to risk factor 12, the case summary establishes that defendant was expelled from his sex offender treatment program for exhibiting “hostility and a poor attitude” and for continuing to deny responsibility for the underlying sex offense. Thus, the court properly assessed defendant 15 points under risk factor 12 (see People v Lewis, 37 AD3d 689, 690 [2007], lv denied 8 NY3d 814 [2007]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]). Notably, according to the case summary, defendant’s denial of responsibility was made despite his guilty plea, and any danger of self-incrimination was therefore eliminated inasmuch as “defendant has already been prosecuted for the offense” that he would be required to admit in treatment (People v Palladino, 46 AD3d 864, 865-866 [2007], lv denied 10 NY3d 704 [2008]). With respect to the 30 points assessed under risk factor 3 and the 20 points assessed under risk factor 7, we note that the underlying conviction was a federal offense to which defendant pleaded guilty to receiving child pornography (18 USC 2252 [a] [2]). Although the Court of Appeals has stated that “[i]t does not seem that factor 7 was written with possessors of child pornography in mind” (People v Johnson, 11 NY3d 416, 420 [2008]), the Court of Appeals determined that points were properly assessed under risk factor 7 in a case where the defendant was convicted of possessing child pornography (see id.; see also People v Poole, 90 AD3d 1550, 1550-1551 [2011]). Consequently, we conclude that the court here properly assessed points under risk factor 7. We further conclude that the court properly assessed points under risk factor 3 because there were more than three victims (see Poole, 90 AD3d at 1550). Present — Scudder, EJ., Peradotto, Lindley and Sconiers, JJ.